UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ARTHUR SEAL,<br>    Petitioner, | Case No. 1:16-cv-392 |
| <br>vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

This *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion for stay and abeyance, which was filed together with the habeas petition when the action commenced on March 17, 2016.  (Doc. 2).  Also pending before the Court is petitioner's motion for leave to file interrogatories and request for admissions, which was filed on April 11, 2016.  (Doc. 4).

In the motion for stay, petitioner requests that the instant action be stayed and held in abeyance while he exhausts the claims alleged in Grounds Eight through Ten of his petition in the state courts by way of a motion for new trial based on newly discovered evidence, which was then pending before the Highland County, Ohio, Court of Common Pleas in Case No. 12CR0205.  (*See* Doc. 2).  On May 12, 2016, respondent filed a response to petitioner's motion and updated the record by providing a copy of an order issued by the common pleas court on April 22, 2016 denying petitioner leave to file the motion for new trial.  (*See* Doc. 5, Ex. 1).  After pointing out that petitioner still had time under Ohio R. App. P. 4 to appeal the trial court's ruling to the Ohio Court of Appeals, respondent stated in the response that the State had no objection to staying the case and holding it in abeyance until petitioner has fully exhausted his state appeal remedies.  (*See id.*, at PAGEID#: 40).  Upon review of the Highland County Clerk

of Courts' online docket records, it appears that petitioner filed a notice of appeal on May 17, 2016 and is pursuing a timely appeal to the Ohio Court of Appeals from the denial of his new trial motion. Because it thus appears that petitioner is still in the process of exhausting the claims alleged in Grounds Eight through Ten of his habeas petition, and respondent does not oppose a stay of the case, it is **RECOMMENDED** that petitioner's motion for stay (Doc. 2) be **GRANTED** and the matter terminated on the Court's active docket. *See Rhines v. Weber,* 544 U.S. 269 (2005). It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after a final decision is entered in the pending appeal or any subsequent appeal to the Ohio Supreme Court.

It is also **ORDERED** that petitioner's motion for leave to file interrogatories and request for admissions (Doc. 4) is **DENIED**. The motion is premature because the state-court record has not yet been fully developed. The motion is also moot in light of the undersigned's recommendation to grant petitioner's motion for stay of the case. Petitioner may renew the motion at a later time. However, petitioner is cautioned that to the extent he may seek information in a renewed motion that neither has been nor will be made part of the state-court record, he faces the hurdle established by the Supreme Court in *Cullen v. Pinholster*, 563 U.S. 170 (2011), prohibiting this Court from considering evidence outside the state-court record in reviewing the merits of any claims for federal habeas relief that were adjudicated by the state courts.

**IT IS THEREFORE ORDERED THAT:**

Petitioner's motion for leave to file interrogatories and request for admissions (Doc. 4) is **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's unopposed motion for stay and abeyance of the instant action while he exhausts the claims alleged in Grounds Eight through Ten of the petition in the state courts (Doc. 2) be **GRANTED** and the case terminated on this Court's active docket.  It is **FURTHER RECOMMENDED** that the stay be conditioned on petitioner's filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after a final decision is entered in the appeal from the denial of petitioner's motion for new trial that is currently pending before the Ohio Court of Appeals, or in any subsequent appeal to the Ohio Supreme Court.

s/Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ARTHUR SEAL,
    Petitioner,

vs.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:16-cv-392

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc