# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| Arthur Seal, | ) |
| --- | --- |
| Petitioner, | ) Case No. 1:16-cv-00392 |
| vs. | ) Judge Michael R. Barrett |
| Warden, London Correctional Institution, | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") and Supplemental R&R that recommend that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. (Docs. 23, 28).

The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. (Doc. 23 at PageID 1322); (Doc. 28 at PageID 1367); see United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Petitioner filed timely objections. (Docs. 26, 33). The Magistrate Judge adequately summarized the procedural background and pertinent facts of this case in the R&R and Supplemental R&R and the same will not be repeated herein unless necessary to respond to one of Petitioner's objections.

## I. STANDARD OF REVIEW

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## II. ANALYSIS

Petitioner withdrew his Fourth Ground for Relief. (Doc. 19 at PageID 1251); (Doc. 26 at PageID 1329); (Doc. 33 at PageID 1377). The Court accepts the withdrawal and will discuss Petitioner's objections to the Magistrate Judge's recommendations regarding Grounds One through Ten.

### a. Ground One

The Magistrate Judge acknowledged Petitioner's arguments that the evidence at trial was insufficient to convict him of child endangering under Ohio law and that his trial counsel was ineffective by failing to give the jury the proper elements of child endangering under Ohio law. (Doc. 23 at PageID 1300-09); (Doc. 28 at PageID 1357). The Magistrate Judge found that the Fourth District Court of Appeals' ("Fourth District") decision—that the evidence presented at trial was sufficient to prove Petitioner's guilt beyond a reasonable doubt under the relevant Ohio statutes on child endangering—was not an objectively unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). (Doc. 23 at PageID 1308); (Doc. 28 at PageID 1357). In light of the Magistrate Judge's finding regarding the sufficiency of the evidence presented at Petitioner's trial, the Magistrate Judge found that

Petitioner's argument about the alleged ineffective assistance of counsel regarding the jury instructions failed. (Doc. 23 at PageID 1308-09); (Doc. 28 at PageID 1357). The Magistrate Judge also found that Petitioner's attempt to argue that there was insufficient evidence to convict him on his other two charges—for illegal manufacture of drugs and illegal assembly or possession of chemicals for the manufacture of drugs, both with the additional finding that the offenses occurred while in the vicinity of a juvenile—is procedurally defaulted because Petitioner did not raise those arguments on direct appeal. (Doc. 28 at PageID 1357).

Petitioner does not object to the Magistrate Judge's recommendation regarding the child endangering conviction but does object that "[t]his is a case of actual innocence" and there was not sufficient evidence for his other two convictions. (Doc. 26 at PageID 1326). Moreover, Petitioner appears to concede that the Magistrate Judge's finding under *Jackson* was proper. (Doc. 33 at PageID 1372-73).

After a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's analysis and recommendation that Petitioner's first ground for relief should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

**b. Ground Two**

The Magistrate Judge acknowledged Petitioner's arguments that his three convictions—illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, and child endangering—should have been merged together for purposes of sentencing pursuant to Ohio Rev. Code. § 2941.25(A) and that he received ineffective assistance of counsel because his attorney did not make this argument on direct appeal. (Doc. 23 at PageID 1309). The Magistrate Judge explained that the Fourth District

3

held that Section 2941.25(A) does not apply to Petitioner's convictions because that Section does not apply to endangering children convictions and Petitioner's other two convictions were not committed by the same conduct as required by *State v. Johnson*, 128 Ohio St. 3d 153 (2010), and Petitioner's ineffective assistance of appellate counsel argument, thus, fails. (Doc. 23 at PageID 1309) (citing Doc. 13-1 at PageID 590-92). The Magistrate Judge concluded that, for the reasons articulated by the Fourth District, Petitioner's Second Ground for Relief is without merit.

Petitioner concedes that Section 2941.25(A) does not apply to his conviction for child endangering but argues that his convictions of illegal manufacture of drugs and of illegal assembly or possession of chemicals for the manufacture of drugs "certainly falls under the double jeopardy." (Doc. 26 at PageID 1327); (Doc. 33 at PageID 1373). To the extent that Petitioner asserts that "[a]n explanation of how one can manufacture without possessing the chemicals to do so would be appreciated if this Court feels this claim lacks the elements needed for it to be successful" (*id.*), the Fourth District already provided that explanation, (Doc. 13-1 at PageID 590-92).

After a de novo review of the filings in this matter, the Court agrees with the Magistrate Judge's analysis and recommendation that Petitioner's second ground for relief should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

**c. Ground Three**

The Magistrate Judge acknowledged Petitioner's arguments that the trial court violated his Confrontation Clause rights when it limited Petitioner's counsel's cross-examination of Mr. Ervin, one of the State's main witnesses, and that Petitioner received ineffective assistance of counsel because his attorney did not make this argument on direct

4

appeal. (Doc. 23 at PageID 1311-13). In his objections, Petitioner relies on *Davis v. Alaska*, 415 U.S. 308 (1974), disputes the Magistrate Judge's reading of that case, and argues that he should have been permitted to cross-examine Mr. Ervin regarding "the fact that there was meth making material that was found in the house" on June 4, 2012 and permitted to introduce Mr. Ervin's "entire criminal history" to the jury and asserts that these facts would establish Mr. Ervin's "credibility, motive to testify, and the obvious bias against" Petitioner. (Doc. 26 at PageID 1327-28); (Doc. 33 at PageID 1375).

The Magistrate Judge did not find that *Davis* was limited to cases involving juveniles; rather, the Magistrate Judge properly distinguished the facts in *Davis* from the facts in Petitioner's case. Moreover, Petitioner reads *Davis* too broadly. *See* (Doc. 26 at PageID 1327); (Doc. 33 at PageID 1374). *Davis* does not hold that the Sixth Amendment requires trial courts to admit every piece of evidence a defendant wishes to offer regarding an opposing witness's bias, credibility, or motive. The U.S. Supreme Court has made clear that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original). Additionally, where, as in Petitioner's case, "a trial court limits the extent of a criminal defendant's cross-examination, but does not bar it completely, the trial court is afforded wider latitude." *Johnson v. Warden, Ross Corr. Inst.*, No. 2:17-CV-121, 2018 WL 3054669, at *10 (S.D. Ohio June 20, 2018), *certificate of appealability denied sub nom. Johnson v. Hooks*, No. 18-3676, 2019 WL 3250291 (6th Cir. Jan. 16, 2019) (citing *Stewart v. Wolfenbarger*, 468 F.3d 338, 347 (6th Cir. 2006), *as amended on denial of reh'g and reh'g en banc* (Feb. 15, 2007)).

5

Petitioner's trial counsel cross-examined Mr. Ervin who admitted that he received a plea deal for his testimony against Petitioner, he had a prior theft conviction, he was a methamphetamine user, and he had methamphetamine on his persons on June 4, 2012. (Doc. 13-1 at PageID 593); (Doc. 23 at PageID 1311-13); (Doc. 28 at PageID 1359). The Fourth District found Mr. Ervin's credibility and potential bias to be effectively called into question and held that the trial court had no duty to permit Petitioner to ask Mr. Ervin additional questions on this topic and Petitioner's appellate counsel was not ineffective for failing to raise a Confrontation Clause argument. (Doc. 13-1 at PageID 593).

After a de novo review of the filings, the Court finds that Petitioner had a full and fair opportunity "to be confronted with the witnesses against with him," U.S. CONST. amend. VI, and agrees with the Magistrate Judge that Petitioner's third ground for relief fails. *See* FED. R. CIV. P. 72(b)(3).

**d. Grounds Five through Seven**

The Magistrate Judge found that Petitioner's fifth through seven grounds for relief are barred by procedural default. (Doc. 23 at PageID 1314-19); (Doc. 28 at PageID 1360-63). Specifically, the Magistrate Judge explained that the Fourth District held that Petitioner brought these three claims in his petition for postconviction relief pursuant to Ohio Rev. Code § 2953.21 but failed to raise them on direct appeal when he could have done so and, thus, the claims are barred by Ohio's *res judicata* doctrine—a doctrine regularly enforced in Ohio. (Doc. 23 at PageID 1314-15) (citing *State v. Seal*, 2014-Ohio-5415, ¶¶ 6, 15). The Magistrate further found that Petitioner fails to establish cause and prejudice or actual innocence to overcome his procedural default. (Doc. 23 at PageID 1317-19). In light of

those findings, the Magistrate Judge recommends these claims be dismissed. (Doc. 23 at PageID 1318-19).

The Sixth Circuit's four-part analysis for determining whether a claim has been procedurally defaulted in this manner is set forth in the R&R. (Doc. 23 at PageID 1316) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Petitioner asserts that each ground for relief was presented in a timely petition for postconviction relief and that each claim is not barred by the doctrine of res judicata. (Doc. 26 at PageID 1329, 1331, 1333, 1336); (Doc. 33 at PageID 1377, 1379, 1381, 1389). He also asserts that the Fourth Districts' findings are "contrary to Ohio law" (Doc. 26 at PageID 1331) and that "the cause and prejudice is on the surface there is no dispute the states case simply would not survive a adversarial test." (*Id.* at PageID 1336). However, aside from his cursory and self-serving conclusions regarding procedural default, Petitioner offers no reasoning or authority to support his position. Rather, he spends the majority of his objections arguing these three grounds for relief on the merits.

Upon de novo review, the undersigned agrees with the Magistrate Judge that Petitioner procedurally defaulted these three grounds for relief by not presenting them on direct appeal. *See* FED. R. CIV. P. 72(b)(3).

### e. Grounds Eight through Ten

The Magistrate Judge found that Petitioner's eighth through tenth grounds for relief are also barred by procedural default. (Doc. 23 at PageID 1319-22); (Doc. 28 at PageID 1363-66). In particular, the Magistrate Judge explained that the Fourth District held that Petitioner presented these three claims in a February 2016 motion for new trial pursuant to Ohio Crim. R. 33, Petitioner was aware of the evidence that he was relying on since 2013,

and his delay in filing his motion was unreasonable. (Doc. 23 at PageID 1320) (citing *State v. Seal*, 2017-Ohio-116, ¶¶ 13-14, 75 N.E.3d 1035, 1039, *appeal not allowed*, 2017-Ohio-4396, 149 Ohio St. 3d 1433, 76 N.E.3d 1209). The Magistrate Judge again found that Petitioner fails to establish cause and prejudice or actual innocence to overcome his procedural default and recommends dismissal. (Doc. 23 at PageID 1320-21); (Doc. 28 at PageID 1364-66).

Petitioner asserts that each ground for relief was presented in a timely motion for a new trial based on newly discovered evidence. (Doc. 26 at PageID 1343-45); (Doc. 33 at PageID 1392, 1398, 1403-04). Again, however, aside from his cursory and self-serving conclusions regarding procedural default, Petitioner offers no reasoning or authority to support his position and spends the majority of his objections arguing these three grounds for relief on the merits. Petitioner's reiteration of arguments is not useful to the Court's review of his objections.

Upon de novo review, the undersigned agrees with the Magistrate Judge that Petitioner procedurally defaulted these three grounds for relief. *See* FED. R. CIV. P. 72(b)(3).

## III. CONCLUSION

In light of the above, it is hereby **ORDERED** that the R&R and Supplemental R&R (Docs. 23, 28) are **ADOPTED in full** and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED with prejudice**. Moreover, Petitioner is denied a certificate of appealability, because reasonable jurists would not disagree with the Court's conclusion, and Petitioner shall not be granted leave to appeal *in forma pauperis*, as the Court certifies that any appeal would be objectively frivolous.

**IT IS SO ORDERED.**   _s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court